# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| JARRETT J. GIBBONS, o/b/o CARL WOODROW SINGLETARY, JR., ) ) ) | |
| Plaintiff, ) ) | No. 2:19-cv-0972-DCN-MGB |
| vs. ) ) | **ORDER** |
| ANDREW SAUL, Commissioner of Social Security,[1] ) ) ) | |
| Defendant. ) ) | |

This matter is before the court on Magistrate Judge Mary Gordon Baker's Report and Recommendation ("R&R"), ECF No. 13, that the court affirm Commissioner of Social Security Andrew Saul's (the "Commissioner") decision denying Carl Woodrow Singletary's ("Singletary") application for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). During the appeal process of his application's denial, Singletary died. Jarrett J. Gibbons ("Gibbons"), Singletary's personal representative, brings this action for judicial review of the Commissioner's decision on Singletary's behalf. For the reasons discussed below, the court adopts the R&R and affirms the decision of the Commissioner.

---

[1] Andrew Saul is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul is automatically substituted for Nancy A. Berryhill, former Commissioner, as the defendant in this lawsuit.

1

## I.  BACKGROUND

**A. Procedural History**

Singletary filed an application for DIB on December 12, 2012, alleging a disability onset date of January 12, 2012.  Singletary's coverage under the Act expired on December 31, 2014 ("date of last insured"), meaning that Gibbons must establish that Singletary was "disabled" within the meaning of the Act on or before that date to be entitled to DIB.  The Social Security Administration ("the Agency") denied Singletary's application initially on January 16, 2013 and upon reconsideration on September 12, 2013.  Singletary requested a hearing before an administrative law judge ("ALJ"), and ALJ Peggy McFadden-Elmore presided over a hearing held on November 14, 2014.  In a decision issued on January 16, 2015, the ALJ determined that Singletary was not disabled within the meaning of the Act (the "2015 ALJ Decision").  Tr. 18–31.  Singletary requested review of the 2015 ALJ Decision, and on May 2, 2016, the Appeals Council denied Singletary's request for review, making the 2015 ALJ Decision the final decision of the Commissioner.

Singletary filed a civil action seeking review of the 2015 ALJ Decision with this court on July 6, 2016.  See Singletary v. Berryhill, 1:16-cv-2437-DCN, ECF No. 1.  Pursuant to 28 U.S.C. § 636 and Local Civ. Rule 73.02(B)(2)(a) (D.S.C.), that action was assigned to Magistrate Judge Shiva V. Hodges.  On November 4, 2016, Singletary died, and on November 16, 2016, Gibbons was appointed as his personal representative.  On May 3, 2017, Magistrate Judge Hodges issued a report and recommendation recommending that this court reverse the decision of the Commissioner and remand the matter because the ALJ (1) did not properly assess the combined effect of Singletary's

2

impairments, (2) failed to articulate permissible reasons for her credibility determinations, and (3) failed to properly evaluate the opinion evidence from Singletary's treating sources (the "2017 R&R"). Tr. 699–748. On May 9, 2017, this court adopted the 2017 R&R as an order of the court (the "2017 Court Order"), reversed the decision of the Commissioner, and remanded the matter for further administrative action. Tr. 697–98. On October 20, 2017, in accordance with the 2017 Court Order, the Appeals Council vacated the decision of the Commissioner and remanded the matter to the same ALJ, Peggy McFadden-Elmore. Tr. 749. The ALJ presided over a second hearing on December 11, 2018. In a decision issued on January 29, 2019, the ALJ again determined that Singletary was not disabled (the "2019 ALJ Decision") at any point between his disability onset date and date of last insured. Tr. 568–88.

Gibbons filed this action seeking review of the 2019 ALJ Decision in this court on April 2, 2019. ECF No. 1. Pursuant to 28 U.S.C. § 636 and Local Civ. Rule 73.02(B)(2)(a) (D.S.C.), the matter was assigned to Magistrate Judge Mary Gordon Baker, who issued an R&R on July 7, 2020, recommending that this court affirm the ALJ's decision. ECF No. 13. On July 21, 2020, Gibbons filed objections to the R&R, ECF No. 14, and on August 4, 2020, the Commissioner responded, ECF No. 15. As such, this matter is now ripe for the court's review.

**B. Medical History**

The parties are familiar with Singletary's medical history, the facts of which are ably and thoroughly recited by the 2017 R&R. Therefore, the court dispenses with a lengthy recitation thereof and instead briefly recounts those facts material to its review of Gibbons's objections to the R&R. In 1988, Singletary broke his neck and, as a result,

3

experienced enduring issues with his neck and upper spine. Singletary started seeking treatment for pain in his knees, lower back, and hands in 2011, and he reported that he began to struggle with depression and anxiety shortly thereafter. Singletary was forty-four years old when he filed his application for DIB, in which he claimed that he suffered from, inter alia, the following impairments: depression, fibromyalgia, arthritis, neuropathy, and borderline diabetes. Singletary has past relevant work as a painter, maintenance supervisor, truck driver, paint shop supervisor, combination welder, cable television installer, assistant shop foreman, construction paint supervisor, and industrial maintenance worker. Tr. 30.

### C. The 2019 ALJ Decision

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an impairment contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities

(defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job.  See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981).  The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).  "If an applicant's claim fails at any step of the [sequential evaluation] process, the ALJ need not advance to the subsequent steps."  Id. (citing Hunter, 993 F.2d at 35).

To determine whether Singletary was disabled at any point between his alleged onset date of January 12, 2012 and his date of last insured, December 31, 2014, the ALJ employed the statutorily required five-step evaluation process.  At step one, the ALJ found that Singletary did not engage in substantial gainful employment during the period between his alleged onset date and date of last insured.  Tr. 571.  At step two, the ALJ determined that Singletary suffered from the following severe impairments: "degenerative disc disease (DDD) status post anterior cervical discectomy and fusion (ACDF); peripheral neuropathy; fibromyalgia; diabetes; vertigo; alcohol abuse, [sic] and depression."  Tr. 571–72.  At step three, the ALJ found that Singletary's impairments or combination thereof did not meet or medically equal one of the impairments listed in the Agency's Listing of Impairments.  Tr. 572–76.  Before reaching the fourth step, the ALJ determined that Singletary retained the residual functional capacity ("RFC") to "perform a range of sedentary work as defined in 20 CFR [§] 404.1567(a) in [sic] with some non-exertional limitations."  Tr. 576.  The ALJ found, at the fourth step, that Singletary was unable to perform any past relevant work.  Tr. 587.  However, at step five, the ALJ

5

determined that, based on his RFC, Singletary could perform jobs that exist in significant numbers in the national economy. Tr. 587–88. Therefore, the ALJ concluded that Singletary was not disabled under the meaning of the Act during the period at issue. Tr. 588.

## II.  STANDARD

This court is charged with conducting a de novo review of any portion of the Magistrate Judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The recommendation of the Magistrate Judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial

evidence.'" Id. (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted). Although the court will not reweigh the evidence considered, the Commissioner's findings of fact are not binding where they are based on an improper legal standard. Coffman v. Bowen, 829 F.2d 514, 519 (4th Cir. 1987). While the district court's role is limited, "it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969).

### III. DISCUSSION

Gibbons lodges two specific objections to the R&R. First, Gibbons objects to the ALJ's characterization of Singletary's lifestyle as "fairly active", arguing that the Magistrate Judge erred in accepting the ALJ's reliance on Singletary's activities of daily life in her determination of Singletary's RFC. Second, Gibbons argues that the Magistrate Judge erred in finding that the ALJ properly evaluated the medical source opinion evidence. The court addresses each in turn.

#### A. Activities of Daily Living

To determine Singletary's RFC, the ALJ, as the law required her to do, considered Singletary's reports of pain and other symptoms associated with his impairments. The

7

ALJ determined that Singletary's subjective reports[2] were not wholly substantiated by the objective medical evidence, in part, based on Singletary's activities of daily living ("ADLs"). The ALJ specifically noted that Singletary "was able to live with his significant other, take care of his dog, mow the lawn, drive, shop, take his medications independently, and watch television, activities which generally reveal functioning at a greater level than alleged." Tr. 83. The ALJ concluded her assessment by stating that Singletary's ADLs "are representative of a fairly active lifestyle and are not indicative of a significant restriction of activities or constriction of interests." Id.

In reviewing the ALJ's assessment of Singletary's RFC, the Magistrate Judge found, "Though [Gibbons] may disagree with the ALJ's [determination of Singletary's] RFC, the ALJ clearly reviewed the relevant evidence and evaluated the applicable factors in considering [Singletary]'s subjective complaints, including, [inter alia, Singletary]'s daily activities . . . ." ECF No. 13 at 15. Gibbons now objects to the R&R's finding, arguing that the ALJ's description of Singletary's lifestyle as "fairly active" "is a grotesquely unfair and absurd characterization of Mr. Singletary's lifestyle" and that "[t]he Magistrate Judge erred in accepting this [characterization] by the ALJ at face value . . . ." ECF No. 13 at 2, 4.

The court overrules the objection for two reasons. First, the court's review of an ALJ's determination is limited to two inquires: whether the ALJ applied the correct law and whether the ALJ's determination is supported by the substantial evidence. See Hays, 907 F.2d at 1456. Gibbons does not argue that the ALJ applied the incorrect law. As

---

[2] After Singletary's death, the ALJ also considered reports of Singletary's pain and other symptoms from Tracy Cook, Singletary's longtime partner.

such, the only question Gibbons's objection raises is whether the ALJ's determination of Singletary's RFC, including her assessment of Singletary's subjective complaints, is supported by substantial evidence in the record. The court finds that it is. The ALJ considered Singletary's ADLs in the context of his reports that he experienced extreme limitations due to his impairments. For example, Singletary alleged that he could not walk 100 yards and could not sit or stand for more than a few minutes at a time. Tr. 576–77; 650–51. The ALJ considered these claims in light of Singletary's ADLs, concluding that his daily activities of caring for his dog, driving, shopping, and mowing the lawn were inconsistent with the extent of his reported limitations and more consistent with her determination that Singletary had the RFC to perform sedentary and unskilled work. Tr. 583. While the court agrees that the ALJ's characterization of Singletary's lifestyle as "fairly active" can be seen as inconsistent with the evidence in the record, that question is inconsequential to the court's review. The question before the court is whether the ALJ's conclusion that Singletary's ADLs undermine the extent of his reported limitations is supported by the substantial evidence. The court must conclude that it is.

Moreover, Singletary's ADLs were but one of the many categories of evidence the ALJ considered in determining Singletary's RFC. As the R&R thoroughly details, the ALJ also considered at length: (1) the reports of state agency medical consultants, Dr. Tom Brown, M.D. and Dr. Cleve Hutson, M.D.; (2) the report of consultative examiner, Dr. Adebola Rojugbokan, M.D.; and (3) medical evaluations in the record that indicated normal findings. ECF No. 13 at 12–15. The ALJ determined that this evidence undercut Singletary's reports of pain and supported her determination of the RFC. As such, there exists sufficient evidence in the record, beyond just the evidence of Singletary's ADLs,

that supports the ALJ's determination of Singletary's RFC under the substantial evidence standard. The court therefore overrules Gibbon's first objection.[3]

### B. Medical Source Opinions

Gibbons also objects to the R&R's finding that the ALJ properly evaluated the opinion evidence from medical sources. Specifically, Gibbons argues that "the ALJ lacked legal justification for dismissing the information contained in [Singletary's treating physicians'] records, and for heavily weighing the opinions of medical consultants," i.e., non-treating sources. ECF No. 14 at 9. The R&R found that the ALJ's evaluation of the medical source opinions is supported by substantial evidence. With respect to the opinions of Singletary's treating physicians, Gibbons argues that the Magistrate Judge "ignored the ALJ's failure to follow" the treating physician rule. ECF No. 14 at 5. The court disagrees.

Under the "treating physician rule," the opinion of a claimant's treating physician is generally entitled to significant weight in the determination of disability. See Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983). In fact, the regulations demand that a medical opinion from a treating source be afforded "controlling weight" where it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). "By negative implication, if a physician's opinion is not

---

[3] To support his first objection, Gibbons cites to Carter v. Colvin, in which this court reversed the decision of the Commissioner because the ALJ's determination of the RFC was not supported by substantial evidence. 2:14-cv-2107-DCN, ECF Nos. 21 and 23. There, unlike here, the claimant's ADLs did not support the ALJ's assessment of the RFC and the ALJ cited no other medical evidence in support of his RFC determination. As such, Carter is inapplicable.

supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). The Fourth Circuit has noted the treating physician rule's good sense:

> treating physicians are given more weight . . . since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone[].

Lewis v. Berryhill, 858 F.3d 858, 867 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)) (internal quotation marks omitted).

The record contains the opinions of two treating sources: Patricia Campbell, M.D.—an internal medicine physician and Singletary's primary care provider—and Stephen Rawe, M.D.—a neurologist who treated Singletary for many years. Dr. Campbell opined that Singletary's impairments rendered him "100% disabled" and "completely unable to work." Tr. 564. Similarly, Dr. Rawe noted in a questionnaire that Singletary had been "[u]nable to do any meaningful employment since June 2009." Tr. 487. The ALJ accorded "little weight" to these opinions, noting that "the issue of disability is explicitly reserved to the Commissioner." Tr. 585. Indeed, as the R&R noted, the ALJ was not obligated to give credence to opinions on the ultimate issue of disability. See ECF No. 13 at 14; see also 20 C.F.R. § 404.1527 ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.").

Gibbons concedes that Dr. Campbell and Dr. Rawe's opinions that Singletary was "disabled" or "unable to work" "are not entitled to particular weight under the Commissioner's rules." ECF No. 14 at 5. Instead, Gibbons contends that "the remainder

11

of Dr. Campbell's records should not have been discounted." Id. However, Gibbons fails to point to any specific evidence in the record from Dr. Campbell that the ALJ failed to consider or give due credence. Having reviewed Dr. Campbell's treatment notes and evidence of the longitudinal doctor-patient relationship, the court cannot find any evidence that the ALJ was obliged to follow under the treating physician rule. The only opinion in the record from Dr. Campbell is that Singletary is "100% disabled." Tr. 564. The remainder of Dr. Campbell's treatment notes contain no medical opinions entitled to deference under the law and gives the court no grounds to overturn the decision of the Commissioner.[4] Although Gibbons frames his argument as applying to the ALJ's evaluation of both Dr. Campbell and Dr. Rawe, he fails to object with any specificity as to the ALJ's evaluation of Dr. Rawe's opinion. As such, the court reviews that portion of the R&R for plain error. See Diamond, 416 F.3d at 315. Finding none, the court adopts the R&R's finding with respect to the ALJ's evaluation of Dr. Rawe's opinion.

Gibbons also objects to the ALJ's reliance on the opinion of a medical expert, non-treating physician, Dr. Theresa Rose Clark, M.D. Gibbons specifically argues that the ALJ erred in according "controlling weight" to the opinion of Dr. Clark, who he characterizes as a "chart reviewer". ECF No. 14 at 8. As an initial matter, the court notes that the ALJ gives no indication that she accorded the opinion of Dr. Clark "controlling

---

[4] Further, Gibbons argues that "the justification that Dr. Campbell's opinion was undermined by the ALJ's expert witness is also improper." ECF No. 14 at 5. However, as the court has already explained, Dr. Campbell only provided a single medical opinion, and Gibbons agrees that this opinion was not entitled to any deference. Finding that Dr. Campbell's lone medical opinion is not entitled to deference, the court not need address the R&R's indication that Dr. Campbell's opinion was undermined by the expert witness. To the extent that Gibbons argues that the ALJ erred in relying on the opinion of the medical expert in her assessment of the RFC, the court addresses that argument below.

weight". Moreover, the ALJ does not indicate in her decision that she gave Dr. Clark's opinion any weight at all, and the court has a difficult time discerning what role the opinion of Dr. Clark could play in the ultimate determination of disability. Dr. Clark reviewed the prescribed medications and corresponding dosages that Singletary used during the period at issue, ultimately opining that individual prescriptions were "dosed properly" but that the "combination of [the] drug classes and duplication of drugs in the same class [wa]s in excess of recommended limits." Tr. 586. After reviewing Dr. Clark's opinion, the ALJ merely noted that the fact that Singletary used prescription medications in excess of recommended limits "could reasonably account or some of [ ] his medication['s] side effects." Id.

The ALJ's inclusion of Dr. Clark's opinion is probably superfluous. That being said, the ALJ does not mention Dr. Clark's opinion in her ultimate assessment of Singletary's RFC, nor does she specifically cite to Dr. Clark's opinion to support or undermine any of the other medical evidence in the record. The court agrees with the R&R that the ALJ's determination of the RFC is supported by the substantial evidence. While the ALJ's inclusion of Dr. Clark's medical opinion strikes the court as odd, it does not give the court a reason to overturn the decision of the Commissioner because the ALJ's inclusion of Dr. Clark's opinion neither undermines her ultimate determination nor represents a misapplication of the law. The court agrees with Gibbons that Dr. Clark's opinion generally supports Singletary's subjective complaints of pain, but, as the court has already found, the ALJ's assessment with respect to those subjective complaints is supported by substantial evidence. Because the practice of reweighing the evidence that was before the ALJ is beyond the purview of this court, see Hays, 907 F.2d at 1456, the

court cannot disturb the findings of the ALJ merely because contradictory evidence exists. As such, the court overrules Gibbons's second objection, adopts the R&R, and affirms the decision of the Commissioner.[5]

## IV.   CONCLUSION

For the foregoing reasons the court **ADOPTS** the R&R and **AFFIRMS** the final decision of the Commissioner.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 1, 2020**
**Charleston, South Carolina**

---

[5] Gibbons also contends, "The ALJ's narrative appeared to be that if Mr. Singletary simply stopped smoking, drinking[,] and taking pain medication, all would be well and he would not be disabled." ECF No. 14 at 6. This argument is beyond the scope of the court's review. With respect to Gibbons's second objection, the court's review is limited to determining whether the ALJ's evaluation of the medical source opinion evidence was supported by the substantial evidence and based upon correct standards of law. Answering yes to both questions, the court need not delve into the purported subjective thoughts or motivations of the ALJ.